IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL COLEMAN, *et al.*, | No. C 06-1912 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO SEVER** |
| v. | |
| JO ANNE B. BARNHART, | |
| Defendant. | |

Defendant Commissioner of the Social Security Administration has filed motions to dismiss the complaint, sever plaintiff Terri Vitt, and to strike plaintiff's discovery requests. Pursuant to Civil Local Rule 7-1(b), the Court finds the motions suitable for resolution without oral argument. Having considered the parties' papers, and for the reasons set forth below, the Court GRANTS the Secretary's motion to dismiss without leave to amend the complaint, GRANTS defendant's motion to sever and dismiss Terri Vitt from this case, and STRIKES plaintiff's discovery requests.

**BACKGROUND**

**1.    Factual history**

On December 11, 1997, plaintiff's mother Tina Curry applied for Supplemental Security Income ("SSI") benefits on behalf of plaintiff Nathaniel Coleman.[1] *See* Ford Decl. ¶ 3(a), Ex. D/2 at 1/7. The application was denied on May 19, 1998 and again upon reconsideration by notice dated August 24,

---

[1] Plaintiff was a minor at the time, and reached the age of majority on June 9, 2004. *See* Ford Decl., Ex. D/2.

1998. *Id.* ¶ 3(a), Ex. D/1. Curry did not appeal the reconsideration denial. *Id.*

On July 30, 2002, Curry filed another application on behalf of plaintiff. *Id.* ¶ 3(b). That application was also denied initially and upon reconsideration. *Id.* Ex. D/2 at 1/5. Curry filed a timely request for a hearing, which was held on January 22, 2004. *Id.* On October 14, 2004, ALJ Lazuran issued an opinion holding that plaintiff was disabled as of the July 30, 2002 date of application and was eligible for benefits as a disabled child between that date and June 9, 2004, when plaintiff reached the age of majority. *Id.*, Ex. D/2 at 1/7. ALJ Lazuran also held that plaintiff continued to be eligible for SSI benefits as a disabled adult. *Id.*

As part of the 2002 application, Curry also requested reopening of the 1997 application. Prior to the January 22, 2004 hearing on the 2002 application, Curry requested a hearing pursuant to Social Security Ruling 91-5p[2] ("SSR 91-5p") on the issue of reopening the 1997 claim. *Id.* ALJ Lazuran's October 14, 2004 decision found there were no circumstances that warranted reopening the prior application. *Id.* at 1/8. ALJ Lazuran held that SSR 91-5p was inapplicable because at the time of the 1997 claim, plaintiff's mother was legally responsible for pursuing his claim. *Id.* ALJ Lazuran further found that plaintiff's mother did not exhibit any mental limitations, noting that plaintiff's mother did not exhibit any mental limitations at the hearing and testified that "there was no psychiatric history in the family." *Id.* Finally, ALJ Lazuran noted that the record did not contain evidence that plaintiff met or equaled a Listing in December 1997, or around that time. *Id.*

On March 3, 2006, the Appeals Council denied a request for review of ALJ Lazuran's decision. *Id.* at ¶ 3(c).

**2.      Procedural history**

The instant action challenges ALJ Lazuran's decision not to reopen the 1997 application, and

---

[2] "When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review." SSR 91-5-p, 1991 WL 208067 at 2.

it is the third attempt to obtain judicial review of that decision. In 2004, Curry voluntarily dismissed a lawsuit pursuant to Federal Rule of Civil Procedure 41(a). *See Curry, o/b/o, Coleman v. Barnhart*, C 04-2151 SI (Docket No. 15). Plaintiff filed a lawsuit which was dismissed by this Court for lack of subject matter jurisdiction because plaintiff had not yet exhausted his administrative remedies. *See Coleman v. Barnhart*, C 05-0289 SI (Docket No. 17). This Court subsequently denied plaintiff's motion to alter or amend the judgment in that case based upon Federal Rule of Civil Procedure 59(e). *See id.* Plaintiff filed the instant action on March 13, 2006.[3] Plaintiff has now exhausted his administrative remedies; the Appeals Council denied plaintiff's appeal on March 3, 2006. Ford Decl., Ex. D/3.

Defendant filed a motion to dismiss the complaint on July 20, 2006. Plaintiff did not file an opposition; instead, plaintiff filed the first amended complaint adding additional claims of bias against ALJ Lazuran. Plaintiff also filed a notice of permissive joinder of Terri Vitt pursuant to Federal Rule of Civil Procedure 20, alleging that ALJ Lazuran "was possessed with general bias during the time of adjudicating the claims of Nathaniel Coleman and Terri Vitt." Plaintiffs Coleman and Vitt also served a joint discovery request upon the defendant on August 2, 2006, seeking, *inter alia*, the case files for the last 200 cases adjudicated by ALJ Lazuran.

Defendant now moves this court to (1) renew the motion to dismiss filed on July 20, 2006 (Docket No. 13); (2) dismiss plaintiff's new bias and constitutional claims added in the first amended complaint; (3) sever and dismiss the claims of Terri Vitt; and (4) strike or stay discovery until the Court has ruled on the jurisdictional issues.

**LEGAL STANDARD**

**1.    12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to

---

[3] This case was originally assigned to Judge Alsup. By order filed October 2, 2006, this Court related this case to the two previous actions discussed *supra*.

3

grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675 (1994) (citation omitted); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A court may resolve factual disputes in determining the existence of jurisdiction without converting the motion to one for summary judgment. *See Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (*citing Thornhill Pub. v. General Telephone & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979)).

### 2. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458 , 460 (9th Cir. 1980) (per curiam)); *see Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (citing *Foman v. Davis*, 371 U.S.

4

178, 182 (1962)) (futility is basis for denying amendment under Rule 15).

## DISCUSSION

**1.   Motion to dismiss Coleman complaint**

Plaintiff's first amended complaint alleges claims under the Social Security Act, 42 U.S.C. § 405(g), and directly under the Constitution. Coleman alleges that ALJ Lazuran violated Coleman's procedural due process and equal protection rights, because, *inter alia*, ALJ Lazuran failed to make a "timely decision in a reasonable time," refused to follow the Commissioner's rules and "substituted her own rules instead," "misinterpreted evidence in the record," and discriminated against him on the basis of race because he is "of color." *See generally* First Amended Complaint.

Defendant moves to dismiss all the claims alleged in the first amended complaint. First, defendant contends that this Court lacks subject matter jurisdiction over plaintiff's claims brought under the Social Security Act, 42 U.S.C. § 405(g), because there is no judicial review of the discretionary decision not to reopen plaintiff's 1997 claim. *See* 42 U.S.C. § 405(g) & (h). Defendant contends that plaintiff has failed to allege any constitutional claims to fall within the exception barring judicial review of the prior decision. Second, defendant contends that to the extent plaintiff alleges separate constitutional claims, plaintiff has failed to state a claim upon which relief can be granted.

**A.   Claims brought under 42 U.S.C. § 402(g)**

The Supreme Court has held that there is no judicial review of a decision not to reopen a prior claim. *See Califano v. Sanders*, 430 U.S. 99 (1977); *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989). There is an exception to this general jurisdictional bar if a plaintiff alleges a colorable constitutional claim. *See Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997). However, a constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Boettcher v. Secretary of Heath & Human Services*, 759 F.2d 719, 721 (9th Cir. 1985); *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Likewise, a "mere allegation" of a constitutional violation of due process does not establish federal jurisdiction. *Hoye* at 992. The Ninth Circuit has been careful to caution that disappointed claimants may not make

5

unsubstantiated claims of bias to undermine the statutory scheme that limits judicial review. *Id*.

In opposition to the motion to dismiss, plaintiff asserts irrelevant arguments regarding "prudential standing." Plaintiff also alleges that his constitutional rights were violated because his mental impairment prevented him from appealing the 1998 denial of his 1997 application, his 1997 application was not fully developed by the California Department of Developmental Services, and he did not have formal representation during the 1997 application. However, these assertions lack merit because plaintiff's mother was legally responsible for prosecuting plaintiff's 1997 claim. *See* Ford Decl., Ex. D/2. Plaintiff's mother filed the 1997 application on his behalf, and she appealed the initial denial. Plaintiff has not alleged any reason why his mother was unable to continue appealing the denials of the 1997 application. For the same reason, plaintiff's reliance on SSR 91-5p is misplaced. SSR 91-5p states "When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination" and "the claimant had no one legally responsible for prosecuting the claim" the Social Security Administration will determine whether good cause exists to open the prior claim for review. SSR 91-5p at 2; *see also Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (discussing SSR 91-5p). Here, plaintiff's mother was legally responsible for prosecuting his claim at the time.

Coleman also contends that he has alleged a *prima facie* case of racial discrimination against ALJ Lazuran because he is African-American and "this Court must determine whether the statutes as applied by this ALJ were so narrowly tailored as to serve a compelling governmental interest against reopening this African-American adult's prior claims denied and not appealed by his mother." Opposition at 9. Plaintiff has not alleged any specific facts showing that ALJ Lazuran was racially biased against plaintiff, and indeed the fact that ALJ Lazuran reversed the previous denials of the 2002 application would seem to suggest otherwise.[4]

---

[4] Plaintiff's opposition cites a report issued by the General Accounting Office that found a statistically significant difference in the likelihood of being allowed benefits between white and African-American claimants who were not represented by attorneys. *See* U.S. General Accounting Office, SSA Disability Decision Making: Additional Steps Needed to Ensure Accuracy and Fairness of Decisions at the Hearings Level (Nov. 2003) (GAO 04-14). This report also states that due to the limitations of statistical analysis, the GAO could not determine whether this difference was due to racial discrimination, or to other factors. The report does not provide any evidence of bias or wrongdoing by

Plaintiff also alleges that ALJ Lazuran was "generally" biased because ten months elapsed between the January 2004 hearing and the October 2004 decision. This allegation does not establish a colorable constitutional claim. Plaintiff does not cite any regulations requiring an ALJ to issue a decision within a certain time period, and the Court finds that a ten month interval between the hearing and the issuance of the very detailed decision does not rise to a constitutional violation.

Finally, plaintiff alleges that ALJ Lazuran refused to follow Social Security rules in adjudicating cases, and that ALJ Lazuran misinterpreted evidence in the record. Plaintiff does not identify any specific rules that ALJ Lazuran supposedly did not follow; instead, plaintiff states that he needs the complete administrative files of the last 200 cases over which ALJ Lazuran presided in order to establish his claim that she did not follow rules.[5] *See* FAC ¶ 10.[6] Plaintiff may not make unsubstantiated claims of federal jurisdiction and then seek discovery in order to substantiate those claims. *See Majd-Pour v. Georgiana Comm. Hosp., Inc.*, 724 F.2d 903 (11th Cir. 1984). Plaintiff's general allegation that ALJ Lazuran "misinterpreted" the facts in the record really amounts to a challenge to her decision not to reopen, and does not state a colorable constitutional claim.

In sum, plaintiff has failed to assert a colorable constitutional claim, and thus the Court does not have jurisdiction to review ALJ Lazuran's discretionary decision not to reopen the 1997 application. Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's claims under § 402(g).

### B. General constitutional claims

Although not entirely clear, the amended complaint appears to allege separate constitutional claims directly under the Constitution:

> In the alternative, whether subject matter jurisdiction exists for the Court to entertain Plaintiff's

---

ALJ Lazuran.

[5] Plaintiff also seeks an order compelling defendant to disclose the current status of the actions taken by the Appeals Council with regard to the Coleman and Vitt appeals. Plaintiff further moves this Court to impose sanctions (reasonable attorney fees in the amount of $350.00) for defendant's failure to provide the administrative record.

[6] Plaintiff states that ALJ Lazuran refused to provide plaintiff with a copy of the "prior claim file." Plaintiff does not identify any rules requiring ALJ Lazuran to provide such a file.

procedural due process and equal protection claims under the Fifth Amendment and an equal protection claim by the DDS state agency where Plaintiff seeks a new hearing to determine whether there exists good cause to reopen his prior claim because of the constitutional injury to him.

FAC at 4.

However, to the extent that plaintiff is bringing a *Bivens*-type § 1983 claim, the claim is barred. *See Schweiker v. Chilicky*, 487 U.S. 412 (1988). Moreover, because plaintiff's claims are "inextricably intertwined" with a claim for benefits, Section 405(g) is the sole avenue for jurisdiction. *See Heckler v. Ringer*, 466 U.S. 602, 614-615 (1984); *see also Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975) (holding Section 405(h) of the Social Security Act bars all claims in which the standing or the substantive basis of the claim is the Social Security Act.). Plaintiff's reliance on *Pronti v. Barnhart*, 339 F. Supp.2d 480 (W.D.N.Y. 2004), is unavailing. because in *Pronti*, the court had jurisdiction under Section 405(g). Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's claims under the Constitution.

**2.      Motion to sever and dismiss Terri Vitt**

On August 3, 2006, Terri Vitt filed a "notice of permissive joinder" under Federal Rule of Civil Procedure 20. The notice of permissive joinder alleges that ALJ Lazuran discriminated against Vitt, and that her claims must be heard by this Court because Vitt's claims support plaintiff's "position of general bias against ALJ Lazuran." *See* Docket No. 15. Coleman contends that he and Vitt share a common issue that "ALJ Lazuran has a general bias that has infected these two cases, and many others, and has therefore deprived claimants of a fair hearing." Opposition at 12:20-21. Defendant moves to sever Vitt from this action and dismiss her claim, on the ground that plaintiff Coleman and plaintiff Vitt do not meet the requisites for joinder under Federal Rule of Civil Procedure 20.

Joinder is proper if (1) the plaintiffs asserted a right to relief arising out of the same transaction and (2) some question of law or fact common to all the plaintiffs will arise in the transaction." *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000); *see also* Fed. R. Civ. Proc. 20(a). If these requirements are met, the district court must determine if joinder would "comport with the principles of fundamental fairness." *Id.*, *citing Desert Empire Bank v. Insurance Co. of N. America.*, 623 F.2d

8

1371, 1375 (9th Cir. 1980). The Court finds that joinder is inappropriate and accordingly GRANTS the motion to sever and dismiss Vitt. Plaintiff Coleman's and Vitt's claims do not arise out of the same transaction; to the contrary, they filed separate applications for disability benefits, and each application was adjudicated on its own merits. If Terri Vitt wishes to pursue her own claim, she must file a separate action.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss without leave to amend and GRANTS defendant's motion to sever and dismiss Vitt's claim. (Docket No. 23). The Court DENIES plaintiff's motion to compel discovery as moot.

**IT IS SO ORDERED.**

Dated:   January 11 , 2007

SUSAN ILLSTON
United States District Judge