1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   NATHANIEL COLEMAN, *et al*.,                    No. C 06-1912 SI

9            Plaintiffs,                            **ORDER DENYING DOCKET NO. 30**

10     v.

11   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
12
               Defendant.
13   _____/

14

15          On July 5, 2007, Terri Vitt filed a "motion to consider whether cases should be related and

16   motion for Fed. R. Civ. P. 60 order." (Docket No. 30). Defendant filed an opposition, and by order

17   filed July 24, 2007, the Court determined that this closed case is not related to *Vitt v. Astrue*, C 06-7184

18   CW, currently pending before Judge Wilken. It has come to the attention of the Court that after the

19   Court's July 24, 2007 order, plaintiff filed a reply brief on August 13, 2007. In order to ensure that there

20   is no confusion in the record, the Court again DENIES plaintiff's motion.

21          The Court determines that is this closed action is not related to *Vitt v. Astrue* because Terri Vitt

22   was never a proper plaintiff in this action. Plaintiff Nathaniel Coleman filed this action on March 13,

23   2006, challenging the ALJ's decision not to reopen plaintiff Coleman's 1997 application for social

24   security benefits. On July 31, 2006, plaintiff filed a "notice of permissive joinder" of Terri Vitt.

25   Plaintiff asserted that joinder was appropriate because the same ALJ adjudicated plaintiff's and Vitt's

26   social security cases. By order filed January 11, 2007, the Court granted defendant's motion to sever

27   and dismiss Vitt, and dismissed Coleman's action. As the Court noted in that order, "Plaintiff

28   Coleman's and Vitt's claims do not arise out of the same transaction; to the contrary, they filed separate

**United States District Court**
For the Northern District of California

1   applications for disability benefits, and each application was adjudicated on its own merits."  January

2   11, 2007 Order at 9.  The Court further stated that "[i]f Terri Vitt wishes to pursue her own claim, she

3   must file a separate action."  *Id.*[1]

4        The Court further finds that plaintiff Vitt – who was never a proper party in this action – has not

5   demonstrated any basis for relief from judgment pursuant to Federal Rule of Civil Procedure 60.

6

7        **IT IS SO ORDERED.**

8

9   Dated:   November 26, 2007

                                                     SUSAN ILLSTON
                                                    United States District Judge

**United States District Court**
For the Northern District of California

---

[1]  In fact, unbeknownst to the Court, plaintiff Vitt had already done so.  On November 20, 2006 – after plaintiff Coleman filed his notice of permissive joinder, but before this Court ruled on defendant's motion to sever – Vitt filed *Vitt v. Astrue*, C 06-7184 CW.  The Court notes that the same lawyer represents Coleman in this action and Vitt in *Vitt v. Astrue*.  However, it was not until July 5, 2007 – seven months after the action was filed, six months after Vitt was severed and dismissed from the *Coleman* case, and days after the defendant in *Vitt* filed a motion to dismiss that action – that Vitt filed a Notice of Related Case in *Vitt*, and the motion to relate cases and for relief pursuant to Rule 60 in this action.  The defendant's motion to dismiss in *Vitt* has been submitted for decision.